IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


RITA STAFFORD                                        Plaintiff

v.                          2:05CV00131 SWW/HDY

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                            Defendant

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Susan Webber Wright.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**DISPOSITION**

Plaintiff alleged disability based on chronic bronchitis, asthma and emphysema.  (Tr. 59)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that

Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through March 25, 2005, the date of his decision.  (Tr. 20)  On May 9, 2005, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 5-7)  Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 49 years old at the time of the hearing.  (Tr. 242)  She completed the tenth grade in school and later obtained her General Equivalency Diploma.  (Tr. 79, 243)  She has past relevant work as a garment inspector.  (Tr. 14, 19, 68-70)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i) (2004).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id. at § 404.1520(b).

------

[1]The Hon. David J. Manley.

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. <u>Id.</u> at § 404.1520(4)(ii). If not, benefits are denied. <u>Id.</u> A "severe" impairment significantly limits a claimant's ability to perform basic work activities. <u>Id.</u> at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. <u>Id.</u>, § 404.1520(a)(iii). If so, and the duration requirement is met, benefits are awarded. <u>Id.</u>

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. <u>Id.</u>, § 404.1520(4). This residual functional capacity assessment is utilized at Steps 4 and 5. <u>Id.</u>

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. <u>Id.</u>, § 404.1520(4)(iv). If so, benefits are denied. <u>Id.</u>

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. <u>Id.</u>, § 404.1520(4)(v). If so, benefits are denied; if not, benefits are awarded. <u>Id.</u>

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 19) He found that Plaintiff had "severe" impairments, but that she did not have an impairment or combination of impairments that met or equaled a

3

Listing.  <u>Id.</u>  He judged that Plaintiff's subjective allegations were not borne out by the overall record and were not fully credible.  <u>Id.</u>

The ALJ found that Plaintiff retained the residual functional capacity for a full range of light work except she had to avoid exposure to fumes, odors, gasses and extremes in temperature.  <u>Id.</u> He determined that she was unable to perform her past relevant work as a garment inspector.  <u>Id.</u>  He correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work.  (Tr. 18)

Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, daycare attendant and cashier.  (Tr. 19)  Consequently, the ALJ concluded that Plaintiff was not disabled.  <u>Id.</u>

Plaintiff contends that the ALJ should have asked a second hypothetical incorporating her testimony and "medical limitations as found in the record." (Br. 18-20)  She does not specify what those medical limitations were, except that Dr. Ramirez noted that she would need to lie down frequently during the day. (Br. 18)  There is no citation to the record where Dr. Ramirez made such a notation. <u>Id.</u>  Some courts treat such a failure to cite to the record in support of an argument as waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule
> that issues adverted to in a perfunctory manner,
> unaccompanied by some effort at developed argumentation,
> are deemed waived. It is not enough merely to mention a
> possible argument in the most skeletal way, leaving the
> court to do counsel's work, create the ossature for the
> argument, and put flesh on its bones. As we recently said
> in a closely analogous context: "Judges are not expected to
> be mind[]readers. Consequently, a litigant has an
> obligation 'to spell out its arguments squarely and
> distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted); accord, Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); Leer v. Murphy, 844 F.2d 628, 635 (9th Cir. 1988)(issues raised in brief which are not supported by argument are deemed abandoned).

The Court has examined the office notes of Dr. Ramirez and found no such notation. (Tr. 201-19) The hypothetical question posed to the vocational expert was proper. Substantial evidence supported the inclusion of certain impairments and the exclusion of others. See Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993)(hypothetical may omit evidence not substantially supported by record as a whole); Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir. 1991)(hypothetical question need only include impairments accepted by ALJ as true).

Plaintiff also contends that the ALJ failed to consider her impairments in combination. (Br. 20) The ALJ discussed Plaintiff's impairments individually (Tr. 15, 16, 17) and in combination (Tr. 14,

15, 19).  Plaintiff's point is not well taken.  <u>See Hajek v. Shalala</u>, 30 F.3d 89, 92 (8th Cir. 1994); <u>Browning v. Sullivan</u>, 958 F.2d 817, 821 (8th Cir. 1992).  Furthermore, the ALJ discussed Plaintiff's limitations of function, which are a cumulation of her impairments, at some length.  (Tr. 15, 16, 18, 19)

Plaintiff disagrees with the ALJ's credibility determination. (Br. 21)  The ALJ evaluated Plaintiff's subjective complaints in light of <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984).  (Tr. 15-17)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;
>
> 3.  precipitating and aggravating factors;
>
> 4.  dosage, effectiveness and side effects of medication;
>
> 5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

<u>Polaski v. Heckler</u>, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's

claim of disability.  No evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, Plaintiff's daily activities, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints.  See, e.g., Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996)(after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

In a Disability Supplemental Interview Outline dated February 3, 2003 (Tr. 95), Plaintiff indicated that she groomed without assistance; did laundry and dishes and changed sheets; she shopped for groceries and clothes and completed banking errands (Tr. 91); she prepared meals, including sandwiches, frozen dinners, meats, vegetables and desserts; paid bills, used a checkbook and counted change; drove; watched television, listened to the radio, read, visited friends and relatives and worked crossword puzzles (Tr. 92).

An earlier Disability Supplemental Interview Outline listed even

more activities, including taking out the trash, completing postal errands, preparing homemade bread and dishes that required recipes, driving unfamiliar routes, using public transportation and playing cards. (Tr. 76-77)

Plaintiff engaged in extensive daily activities, which is inconsistent with the level of pain and limitation alleged. See Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006)(plaintiff performed household chores, mowed the lawn, raked leaves, shopped for groceries and drove a car); Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); Haley v. Massanari, 258 F.3d 742, 48 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); Gray v. Apfel, 192 F.3d 799, 804 (8th Cir. 1999)(plaintiff cared for himself, did household chores, drove short distance, performed other miscellaneous activities); Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched television, went out for dinner, occasionally drove and occasionally visited with friends); Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997)(plaintiff dressed and bathed herself, did some housework, cooking and shopping); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1995)(daily caring for one child, driving when unable to find ride

and sometimes going to grocery); <u>Nguyen v. Chater</u>, 75 F.3d 429, 431 (8th Cir. 1995)(visiting neighbors, cooking own meals, doing own laundry and attending church); <u>Novotny v. Chater</u>, 72 F.3d 669, 671 (8th Cir. 1995)(carrying out garbage, carrying grocery bags, driving wife to and from work inconsistent with extreme, disabling pain); <u>Shannon v. Chater</u>, 54 F.3d 484, 487 (8th Cir. 1995)(plaintiff cooked breakfast, "sometimes" needed help with household cleaning and other chores, visited friends and relatives and attended church twice a month); <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1213 (8th Cir. 1993)(plaintiff lived alone, drove, shopped for groceries and did housework with some help from neighbor).

Her seven-year-old granddaughter, whom she had adopted the day before the hearing, had lived with her for almost four years; the child's mother was in prison. (Tr. 245)  On one occasion, she moved furniture. (Tr. 196)  On another, she loaded luggage into a car. (Tr. 211)  Instead of being restricted in her activities by her physicians, she had been instructed to perform physical exercises several times per day. (Tr. 212)

Plaintiff takes issue with the ALJ's citation of her continuing to smoke despite medical advice that she should cease. (Br. 22)  The law is clear.  Impairments that are controllable or amenable to treatment, including certain respiratory problems, do not support a finding of disability, and failure to follow a prescribed course of remedial treatment, including the cessation of smoking, without good reason is grounds for denying an application for benefits.  <u>Wheeler</u>

<u>v. Apfel</u>, 241 F.3d 891, 895 (8th Cir. 2000).

The ALJ's credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. <u>E.g.</u>, <u>Shelton v. Chater</u>, 87 F.3d 992, 995 (8th Cir. 1996); <u>Reynolds v. Chater</u>, 82 F.3d 254, 258 (8th Cir. 1996); <u>Hall v. Chater</u>, 62 F.3d 220, 224 (8th Cir. 1995).

Plaintiff contends that the ALJ failed to recognize the she had both depression[2] and anxiety. (Br. 23) The ALJ clearly addressed her anxiety. (Tr. 17, 19) He noted that Plaintiff's husband had recently died and that she had adopted her granddaughter because the child's mother was in prison. (Tr. 17) He deemed the anxiety a non-severe impairment, noting that it responded well to a short course of medication; it was rarely mentioned in the medical records. <u>Id.</u> In addition, she had never sought treatment at a mental health facility. <u>Id.</u> Impairments that are controllable or amenable to treatment do not support a finding of total disability. <u>Hutton v. Apfel</u>, 175 F.3d 651, 655 (8th Cir. 1999). It is significant that Plaintiff had never sought or been referred for mental health treatment. <u>See</u> <u>Smith v. Shalala</u>, 987 F.2d 1371, 1375 (8th Cir. 1993), <u>citing</u> <u>Johnson v. Bowen</u>, 866 F.2d 274, 275 (8th Cir. 1989) and <u>Benskin v. Bowen</u>, 830 F.2d 878, 884 (8th Cir. 1987).

---

[2]In June of 2002, she specifically denied significant problems with depression. (Tr. 145) "The patient has a normal adjustment of adult living. The patient denies any paranoid ideations, hallucinations or abnormal thinking patterns. There have been no significant problems with depression." <u>Id.</u>

Finally, Plaintiff argues that the ALJ erred in not utilizing a Psychiatric Review Technique Form[3] to evaluate her mental impairments. (Br. 23)  The standardized form is now used only at the initial and reconsideration levels; at the ALJ hearing and Appeals Council levels, documentation of the application of psychiatric review technique is in the decision itself, rather than on a separate form. 20 C.F.R. §§ 404.1520a(e), 416.920a(e) (2004).  In view of the ALJ's finding that Plaintiff's anxiety was situational and non-severe, the failure to specifically address the psychiatric review technique, if error, is harmless.  See Hardy v. Chater, 64 F.3d 405, 408 (8th Cir. 1995)(on record before ALJ, completion of [then required] Psychiatric

---

[3]In addition to the five-step sequential evaluation process noted above, there is a sequential process for evaluation of mental impairments set out in 20 C.F.R. §§ 404.1520a, 416.920a (2004).

The first step is to record pertinent signs, symptoms, findings, functional limitations and effects of treatment contained in claimant's medical records.  20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1) (2003).  The mental status examination and psychiatric history will ordinarily provide the needed information.  Id.

If a mental impairment is found, as it was in this case, then it is necessary to analyze whether certain medical findings, which have been found especially relevant to the ability to work, are present or absent.  20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2).

It is then necessary to rate the degree of functional loss from the impairment(s) in the four areas of function essential to work: activities of daily living; social functioning; concentration, persistence or pace and deterioration or decompensation in work or work-like settings.  20 C.F.R. §§ 404.1520a(b)(3), 416.920a(b)(3).

After rating the degree of functional loss on the appropriate scale, see id., the severity of the impairment(s) is determined.  20 C.F.R. §§ 404.1520a(c); 416.920a(d).  If the impairment(s) is severe, it must be determined if it meets or exceeds a Listed mental disorder.  20 C.F.R. §§ 404.1520a(d)(2); 416.920a(d)(2).

If the impairment(s) is severe, but does not meet or equal the appropriate Listing, then a residual functional capacity assessment is necessary.  20 C.F.R. §§ 404.1520a(d)(3); 416.920a(d)(3).

Review Technique Form was little more than formality); <u>Montgomery v. Shalala</u>, 30 F.3d 98, 100-01 (8th Cir. 1994)(suggesting that failure to complete Psychiatric Review Technique Form could, in certain cases, be harmless).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  <u>E.g.</u>, <u>Mapes v. Chater</u>, 82 F.3d 259, 262 (8th Cir. 1996); <u>Pratt v. Sullivan</u>, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  <u>Richardson v. Perales</u>, 402 U.S. at 401; <u>see also</u> <u>Reutter v. Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this __11__ day of July, 2006.


_____
UNITED STATES MAGISTRATE JUDGE